## COURT OF APPEALS, (E. S.) JUNE TERM, 1823.

### Harding *vs.* Hull & Tyson, Garnishees of Boyle.

Where an attorney of the court appeared for garnishees summoned on an attachment, &c. the court would not strike out the appearance of such attorney, although he had not been authorised by the garnishees to appear for them, and they did not intend to contest the attachment.

APPEAL from *Cecil* county court. The plaintiff in the court below, (the now appellant,) issued out of *Baltimore* county court, on the 30th March 1820, a writ of attachment on a judgment recovered by him in that court in September 1819, against *Hugh Boyle,* directed to the sheriff of *Cecil* county, and reciting, that a writ of *fieri facias* had been issued to, and was returned *nulla bona* by the

A record of the proceedings and final discharge under the insolvent laws, of a person against whose goods, &c. an attachment issued on a judgment rendered against him before such discharge, and laid in the hands of his garnishees, admitted in evidence on the trial against the garnishees

Such evidence to be left with the jury to say, whether or not it supported the plea of *nulla bona*

sheriff of *Baltimore* county. The sheriff of *Cecil* county laid the attachment in the hands of, and summoned *Hull* and *Tyson* as garnishees, who appeared by counsel, and pleaded *nulla bona*, to which there was the general replication and issue joined. At the trial, the plaintiff read in evidence certain written certificates, which were admitted by the garnishees' counsel to be in their handwriting, stating, that at the time of laying the attachment in their hands, they had funds belonging to *Boyle*, and that they never authorised any attorney to appear for them to contest the same. The plaintiff then prayed the court to strike out the appearance by counsel; which the court [*Purnell, A. J.*] refused to do. The defendants then offered in evidence a record and proceedings of the insolvency of *Boyle* on his application for the benefit of the insolvent laws, and his final discharge thereunder, granted on the 6th of May 1820, thereby discharging him from all debts, &c. due from or owing or contracted by him before the 31st of December 1819. The plaintiff objected to the reading of the record, as not being admissible testimony under or pertinent to the issue; but the court overruled this objection, and permitted the record to be read to the jury. The plaintiff then prayed the court to direct the jury, that the record thus permitted to be read was not sufficient to support the plea; which the court refused to give, saying it was evidence to be left with the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, MARTIN, DORSEY, and STEPHEN, J. by

*Rudulph*, for the appellant, and by

*Chambers* and *J. Bayly*, for the appellees.

JUDGMENT AFFIRMED.