## Case No. 774.

### BAKER v. MIX.

[2 Cranch, C. C. 525.][1]

Circuit Court, District of Columbia. Dec. Term, 1824.

GARNISHMENT—ISSUE JOINED BETWEEN PLAINTIFF AND GARNISHEE—ENTITLING DEPOSITIONS.

When the issue is joined between the plaintiff and the garnishee, in behalf of himself and his principal, the depositions must be entitled as of a suit between the plaintiff and the garnishee, and not between the plaintiff and the principal defendant.

Attachment, [by John W. Baker against Elijah Mix, garnishee of John Bulkley, surviving partner of John Bulkley & Co.,] under the Maryland act of 1795, c. 56. The garnishee appeared and pleaded, 1st. That the said John Bulkley & Co. had fully performed the covenant on their part; upon the replication to which plea issue was joined. 2d. That he, the garnishee, had no effects of the principal debtor in his hands; upon the replication to which, issue was also joined.

At the trial of these issues, Mr. Marbury, for the defendant, offered in evidence a deposition, taken under the act of congress, in a suit in which John W. Baker was plaintiff, and John Bulkley was defendant.

Mr. Redin, for the plaintiff, objected to the reading of the deposition, because it was not taken in this suit, which is between Baker and Mix and not between Baker and Bulkley. Smith v. Coleman, [Case No. 13,029,] in this court, at April term, 1821, in this county, and Peyton v. Veitch, [Id. 11,057,] at November term, 1816, in Alexandria.

Mr. Marbury, in reply. By the 4th section of the act of 1795, c. 56, "the garnishee may plead, in behalf of the defendant, such plea or pleas as the said defendant might or could do if he had been taken by the sheriff under the writ of capias ad respondendum issued as aforesaid, and had accordingly appeared to the same." When the garnishee thus pleads in behalf of the principal, it becomes substantially a suit between the plaintiff and the principal, and may truly be entitled as such. The suit was originally brought against the principal, and was so entitled until the garnishee appeared; and if perjury were committed upon the trial, it might be averred in the indictment, and proved to have been in an action between the plaintiff and the principal. Although the garnishee has pleaded for himself as well as for his principal, the issue upon the plea for the principal is, in effect, a suit between the plaintiff and the principal, and may be averred to be such. Dale v. Beer, 7 East, 333.

THE COURT (THRUSTON, Circuit Judge, absent) thought that Bulkley, not having appeared, could not be considered as a party in the cause, and rejected the deposition. [See Baker v. Mix, Case No. 775.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 775.

### BAKER v. MIX.

[3 Cranch, C. C. 1.][1]

Circuit Court, District of Columbia. Dec. Term, 1826.

GARNISHMENT—PROCEDURE—NULLA BONA—ASSIGNMENT OF DEBT.

An assignment of the debt by the defendant to a third person, with notice to the garnishee, before service of the attachment, cannot be given in evidence upon trial of the issue of nulla bona, but must be pleaded specially.

[At law. Proceeding by John W. Baker against Elijah Mix, garnishee of Buckley & Co. See Baker v. Mix, Case No. 774.]

Under the plea of nulla bona by the garnishee, he offered in evidence a deed of assignment by Buckley, as surviving partner of Buckley & Co., to one Thomas Pryer, of all the effects of that firm, including the debt due to them by the garnishee, with notice thereof to the garnishee before the service of the plaintiff's attachment.

Mr. Reddin, for the plaintiff, objected to the evidence, and contended that the assignment could not be given in evidence upon the issue of nulla bona, but should have been specially pleaded, and cited 2 Har. Ent. 308, and Serg. Attachm. 91, 93, that a garnishee may plead an assignment.

Mr. Marbury, contra, contended that it was good evidence for the garnishee on the plea of nulla bona.

But the COURT, (CRANCH, Chief Judge, contra,) rejected the evidence on the issue of nulla bona.

Mr. Marbury moved for a new trial on the ground that the court erred in rejecting the evidence, and the motion came on to be argued at December term, 1826.

Mr. Marbury for the garnishee. Infancy may be given in evidence upon the general issue; so may coverture; yet in one case the plaintiff may reply, necessaries; and, in the other, special matter avoiding the marriage; so a parol release, or payment, and most matters in discharge of the action. 1 Chit. Pl. 471; Miller v. Aris, 3 Esp. 234; Sullivan v. Montague, 1 Doug. 106; Serg. Attachm. 93; Wood v. Roach, 2 Dall. [2 U. S.] 180; Steuart v. West, 1 Har. & J. 536; Harding v. Hull, 5 Har. & J. 478; U. S. v. Vaughan, 3 Bin. 400.

Mr. Reddin, contra. The plea of nulla bona goes only to the existence of the debt; an assignment does not show the debt is not due, and therefore should be pleaded specially. It admits the debt to be due at law, and is only a kind of equitable defence which the plaintiff, who had no notice of the assignment, did not come prepared to answer upon the issue of nulla bona. 1 Chit. Pl. 408. In the case from 3 Bin. 400, there was no question as to the form of the plea. In the case from 1 Har. & J. 536, the note

[1] [Reported by Hon. William Cranch, Chief Judge.]