AUGUSTUS ALBERT, Plaintiff and Garnishee *vs.* AUGUS-
TUS ALBERT, &c.

*Attachment—Garnishee—Non-resident Defendant—Unauth-*
*orized appearance by Attorney—Appealable order.*

An unauthorized appearance by attorney for a garnishee in an
attachment suit, should be stricken out on motion of the latter,
although he is plaintiff in the suit as well as garnishee.

An order overruling a motion to strike out an unauthorized
appearance by attorney for a garnishee in an attachment against
a non-resident defendant, and pleas filed in the name of the gar-
nishee on his behalf and that of the non-resident defendant, is
such a determination of the rights of the garnishee, who is also
plaintiff, as will entitle him to appeal to the Court of Appeals
under section 2 of Article 5 of the Code, which provides that
from any judgment or determination of any Court of law in any
civil suit or action any party may appeal to the Court of Appeals.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ROBINSON, C. J., BRYAN,
FOWLER, ROBERTS, MCSHERRY, and BRISCOE, J.

*W. George Weld,* for the appellant.

"The great purposes of our attachment laws are by
seizing the property of a debtor to compel his appear-
ance to answer the demand of the plaintiff when from
non-residence or flight he is beyond the process of our
judicial tribunals, and on failure of appearance, to apply
such property to the just end of satisfying his debts."

NOTE. For effect of a judgment rendered on an unauthorized appearance, see
note to *Williams vs. Johnson,* (*N. C.*) 21 *L. R. A.,* 848.

*Risewick vs. Davis,* 19 *Md.,* 82, 91; *Barr vs. Perry,* 3 *Gill,* 326; *Stone vs. Magruder,* 10 *G. & J.,* 383–386.

"Attachment, from its nature, has always been considered as intended solely for the benefit of our citizens." *Hepburn's Case,* 3 *Bland,* 119.

"A copy of the short note was sent with the summons, and set up at the court-house door, and so returned by the sheriff. The design of this is to give notice to the defendant of the cause of action and of the proceeding against him, that he might be brought in and appear to the action." *Spear vs. Griffin,* 23 *Md.,* 418, 430.

The foregoing suffice to show a purpose in the law altogether foreign to the evasion attempted in this case.

Messrs. Poe and Rose claim to justify their action under sec. 14 of Art. 9 of the Code, which provides that the garnishee "may plead in behalf of the defendant any plea or pleas which the defendant might or could plead if the summons had been served upon him and he had appeared," notwithstanding that "the defendant upon his appearance, has a right to plead for himself, and is not affected by the pleas put in for him by the garnishee." *Spear vs. Griffin,* 23 *Md.,* 418, 431.

But that such pleading is optional with the garnishee is plain upon authority, even where he is a third party and not the attaching creditor. He has a right to appear and confess assets and have costs allowed out of amount in his hands. *Sec.* 16 *of Art.* 9 *of the Code; Cockey, Garnishee vs. Leister,* 12 *Md.,* 124.

He has a right to set off his own claim against the fund in his hands. *Peters vs. Cunningham, Garnishee, &c.,* 10 *Md.,* 554; *Farmers, &c., Bank vs. Franklin Bank of Balto.,* 31 *Md.,* 404. And if he assumes a position of a litigant he may become liable for interest and costs. See *Chase vs. Manhardt,* 1 *Bland,* 333, 344; *Wilson vs. Starr,* 1 *Har. & J.,* 491; *Drake on Attachment, sec.* 662.

To compel a garnishee who is himself the plaintiff to defend is to stultify the whole proceeding, the gist of which is that he from its very nature must claim and not defend.

The case of *Harding vs. Hull & Tyson, Garnishees, &c.*, 5 *H. & J.*, 479, is cited against this appellant, but it is not authority upon the point involved, and is not cited as such in *Mr. Poe's Work on Practice*, nor in any other text-book. In that case, after the garnishees had appeared by counsel and pleaded *nulla bona*, only, and issue had been joined upon the general replication, and the case had come to trial, the plaintiff (another party) on the strength of certain written certificates in garnishees' hand-writing to the effect that they had never authorized any attorney to appear for them, moved to strike out their appearance but was not allowed. The garnishees had not pleaded on behalf of the defendant, but only on behalf of themselves; the objection *was not made by them*, (see *Kelso vs. Stigar, et al.*, 75 *Md.*, 405,) but by the plaintiff, and was not made till the case was on trial. No opinion is reported and the grounds of affirmance do not therefore appear.

An objection of this character should of course be made before issue joined or trial begun, and it was so done in the case at bar. The case of *Harding vs. Hull* being one wherein the garnishees had not pleaded *non assumpsit* for the defendant, but only *nulla bona* for themselves, it presents no analogy to the case at bar whatever.

The claim of Messrs. Poe and Rose goes so far that they claim the right, though representing an adverse interest and against his express prohibition, to appear for and plead in Augustus Albert's name, and not only to plead through him *non-assumpsit* for the non-resident defendant, but also *nulla bona* for himself.

The extent of an attorney's power to appear in a case is defined in *Kelso vs. Stigar, et al.*, 75 *Md.*, 405: "Un-

less there had been fraud or imposition practiced, *or the party himself had made objection to the use of his name,* the Court will not assume that the attorney bringing the suit acted without authority." But the power of an attorney is not as extensive as that of his client. *White vs. Davidson,* 8 *Md.,* 186. There may be cases where it would be proper for the Court to interfere as against an unauthorized attorney. *Dorsey vs. Kyle, et al.,* 30 *Md.,* 512. An attorney can not enter an appearance and claim an appearance fee unless he has been employed or his services accepted. *Neighbors, et al. vs. Maulsby,* 41 *Md.,* 478.

*John C. Rose,* (with whom was *John P. Poe, Attorney-General,* on the brief,) for the appellee.

In this State it is well-settled law that an appeal does not lie from an order of the Court below, unless the order appealed from settles and concludes the rights of the party appealing, or denies him the means of further prosecuting or defending his suit. *Gittings vs. State, use of Ockerme,* 33 *Md.,* 461.

The order appealed from in this case is in no sense a final one, and by no stretch of language or ingenuity of reasoning can it be seriously claimed that it settles or concludes any right of the appellant; nor unless his case is of the sort that he cannot successfully prosecute it unless he controls both sides of the litigation, can it be argued that the order appealed from prevents him from prosecuting his case. His only right is to maintain his lien upon the property attached until the case is finally concluded, and, if he secures judgment of condemnation, to have the property attached sold to satisfy the judgment. These rights of his are absolutely unaffected by the order complained of; nor is he denied the means of prosecuting his suit. He is at perfect liberty to go on and prove that the defendant is indebted to

him, and that property liable to attachment for the debts of the defendant was taken under the writ. If he succeeds in establishing these two essential positions, he recovers his judgment of condemnation. If he fails to prove them, he could not recover in any event, and the order appealed from obviously does not deny him the means of proving them. It is respectfully submitted, therefore, that even if the order appealed from was erroneous, the appeal will have to be dismissed.

The practice has long been established in this State, that if the non-resident defendant directs the garnishee to plead in his behalf, the latter is bound to do so. 2 *Poe's Practice, sec.* 533.

Where the garnishee is a different person from the plaintiff, he may doubtless have the right to demand from the defendant who desires him to defend the case, that indemnity against costs shall be furnished. Where, as in this case, the plaintiff and the garnishee are the same person, the situation is somewhat different; but whether, in this case, indemnity could be required by Mr. Albert against garnishee's costs, is not important. If such indemnity is wanted, it must be demanded. The record fails to disclose any demand, and none, in fact, has ever been made. On the contrary, the undersigned, at the hearing below, stated, that such indemnity would be furnished if it was asked for, but the appellant did not accept the offer. This offer is now repeated.

Not only has the practice which permits and requires the garnishee to file pleas in behalf of the defendant been long established, but the very question raised by this appeal has been expressly decided by this Court in favor of the appellee, this Court having, in the case of *Harding vs. Hull and Tyson, Garnishees of Boyle,* 5 *H. & J.,* 479, refused to strike out the appearance of an attorney for the garnishees, although, as in this case, the garn-

Albert *vs.* Albert.

ishees claimed that they had not authorized his appearance, and did not intend to contest the attachment. If it is the duty of an impartial and disinterested garnishee to allow defendant to defend through him, it is an obligation that the Courts will enforce upon a garnishee who is also plaintiff.

Courts will not reverse a long established practice for the purpose of enabling a man to control both sides of a litigation. The original theory of the attachment laws was, of course, to compel the appearance of the defendant, and when he so appeared, the attachment was at once dissolved.

The first and great breach in this theory was made by the Act now codified as section 14 of Article 9 of the Code of Public General Laws, which provides that the garnishee "may plead in behalf of the defendant, any plea or pleas which the defendant might or could plead if the summons had been served upon him and he had appeared." By the passage of this Act the General Assembly abandoned any attempt to punish the non-resident debtor for not appearing to the short note case, and said to him in effect, you may in future defend your attached property or have it defended without subjecting yourself to the liability of a personal judgment.

The law still held out to the debtor a reward for appearing, for if he appeared the attachment was dissolved. Still later, however, by the Acts now codified as section 19 of Article 9 of the Code of Public General Laws, the Legislature withdrew this inducement, and provided that an appearance of the defendant should not dissolve the attachment unless bond was given in the value of the property attached. The attempt, therefore, to compel or induce the appearance of the defendant by attachment proceedings was long ago abandoned. The object of our non-resident attachment laws is now simply to subject such of the property of non-resident

debtors as may be found within the State to the juris-
diction of our Courts.    *Chase vs. Manhardt,* 1 *Bland,*
344.

As our law and practice now stand, it is certain that
where the plaintiff and the garnishee are different per-
sons, the non-resident defendant may defend without
subjecting himself to liability to a personal judgment.
The fact that the plaintiff lays the garnishment in his
own hands cannot deprive the defendant of this right.

The order appealed from did the appellant no damage.
As plaintiff, he cannot complain that he has been called
on to prove his case.    As garnishee, he is not aggrieved
because he is required to do what, the uniform practice
and law of the State compel garnishees to do.

BRISCOE, J., delivered the opinion of the Court.

The appeal in this case is from an order of the Supe-
rior Court of Baltimore City, overruling a motion to
strike out an alleged unauthorized appearance by attor-
ney for the garnishee in an attachment suit, and to strike
out certain pleas filed in the name of the garnishee on
his behalf and that of the non-resident defendant.

By the fourteenth section of Article nine of the Code
of Public General Laws it is provided that the garnishee
in every attachment issued in pursuance of the preceding
sections may plead, in behalf of the defendant, any plea
or pleas which the defendant might or could plead if the
summons had been served upon him, and he had ap-
peared.

There can be no doubt that a non-resident has the right
to appear to the action, and defend the same by subject-
ing himself to the jurisdiction of the Court.

And under the statute the garnishee can plead in
behalf of the defendant any plea which he might or
could plead, if he had appeared.    In the case of *Potomac
Steamboat Co., et al. vs. Clyde,* 51 *Md.,* 178, where a non-

resident defendant appeared by attorney for the purpose of moving that the judgment of condemnation be stricken out, and the execution thereon quashed, it was decided that there could be no doubt of the legal right of the defendant to appear for that purpose in the attachment case, without thereby being within the jurisdiction of the Court in respect to the suit against him personally. There was no appearance in that case to the action of *assumpsit*, nor a plea to the merits of the cause, which could be construed as a submission to the jurisdiction of the Court.

In the case of *Greenbury B. Wilson vs. Greenbury B. Wilson, Garnishee of Samuel M. Tinsley and John A. Keedy*, 8 *Gill*, 192, an attachment was issued by the plaintiff, and laid in his own hands as garnishee. There was an appearance to the *capias* by the garnishee, and a plea of *non-assumpsit* and *nulla bona*, upon which issues were joined. But in that case there seems to have been a voluntary appearance, and no objection to either the appearance or the pleas. The case of *Harding vs. Hull and Tyson, Garnishees of Boyle*, 5 *H. & J.*, 478, relied on by the appellee, was where an attachment had been laid in the hands of Hull and Tyson who appeared by counsel, and pleaded *nulla bona*, to which there was a general replication and issue joined. At the trial, the *plaintiff* read in evidence certain written certificates, which were admitted by the garnishees' counsel to be in their handwriting, stating that at the time of laying the attachment in their hands they had funds belonging to Boyle, and that they never authorized any attorney to appear for them to contest the same. The plaintiff thereupon prayed the Court to strike out the appearance by counsel, which was refused by the Court. There was no opinion in this case filed by the Court, stating the grounds of its conclusion, but it bears no analogy to the case now under consideration. In *Harding vs. Hull,*

*supra*, the garnishees had not pleaded *non-assumpsit* for the defendant, but only *nulla bona* for themselves, and the motion to strike out *was not made by the garnishees*, but by the *plaintiff*.

The case now under consideration is somewhat anomalous in its character, and different from the adjudicated cases. The facts are these: On the 8th of April, 1892, Augustus Albert, a resident of Baltimore City, sued out a writ of attachment against Edward Lauterbach, a non-resident of the State, and caused it to be laid in his own hands as garnishee. On the 25th of April, 1892, Messrs. John P. Poe and John C. Rose, two members of the Baltimore bar, entered their appearance on behalf of the garnishee, and filed pleas of *non-assumpsit* and *nulla bona*. Shortly afterwards, Albert, as plaintiff and garnishee, filed a petition asking to have the appearance for him as garnishee and the pleas filed in his name stricken out, as unauthorized, and as a wrongful invasion of his right to be represented by counsel of his own selection. This motion was overruled. Now, it is well settled that a garnishee stands, in all respects, in a situation exactly similar to that of a defendant debtor. He may contest the claim made against him, but if he does so he is liable to costs. He may not only defend his own interest as a mere neutral in the controversy between the plaintiff and the defendant, but he may assume the character of an ally of the defendant. He is allowed to plead and defend his rights, for him and in his behalf. *Wilson vs. Starr*, 1 *H. & J.*, 491. But, if he contests the plaintiff's right to recover, the reason and justice of the case require that he shall be chargeable with costs. *Chase vs. Manhardt*, 1 *Bland*, 344, and cases there cited. It is insisted, upon the part of the appellant, that while the garnishee, under the statute "may plead in behalf of the defendant," &c., yet such pleading is optional with him, and cannot be had without his authority and against

his consent. And in this view we all concur. It has been the established practice in this State that an attorney cannot enter an appearance and claim to be entitled to the usual appearance fee, unless he has been employed, or his services have been accepted. *Neighbors, et al. vs. Maulsby,* 41 *Md.*, 480. In the case of *Kelso vs. Stigar, et al.,* 75 *Md.*, 405, this Court by Chief Justice ALVEY says, that unless there had been fraud or imposition practiced, or *the party himself, had made objection to the use of his name*, the Court will not assume that the attorney bringing the suit had acted without authority.

Manifestly, therefore, where, as in the case at bar, the party himself makes objection to the use of his name, the motion to strike out should prevail.

But it is urged upon the part of the appellee that to sustain the contention of the appellant would enable a party, where he is both plaintiff and defendant, to control both sides of a litigation, and in a controversy, the object of which is to subject a third person's property to the claim of the plaintiff.

Ordinarily, and as a general rule, an action at law cannot be maintained where the same person is one of the plaintiffs, and is also sole or one of several defendants. But there is no hardship or injustice imposed on the non-resident from the view we take of the case at bar. The non-resident defendant has a right to appear, and upon his appearance, has a right to plead for himself and is not affected by the pleas put in for him by the garnishee. *Spear, et al. vs. Griffin, Garn.,* 23 *Md.*, 418.

He is deprived of no right, and, like other suitors, is simply required to submit to the jurisdiction of the Court before he can avail himself of its protection. It would be at variance with every rule of sound pleading, to permit him to interpose a plea to the merits of the action, without submitting to the jurisdiction of the Court. To hold otherwise would defeat the very object and pol-

Albert *vs.* Albert.

icy of our attachment laws, which are intended for the benefit and protection of our citizens. Practically, it would enable a non-resident defendant, to appear and defend his suit, through an unwilling and protesting garnishee, by a plea to the merits of the action, without subjecting himself to the Court's jurisdiction.

The great purposes of our attachment laws, said this Court in *Risewick vs. Davis, Garn.*, 19 *Md.*, 83, are, by seizing the property of a debtor to compel his appearance to answer the demand of the plaintiff when, from non-residence or flight, he is beyond the process of our judicial tribunal, and, on failure of appearance, to apply such property to the just end of satisfying his debts.

We know of no rule of pleading or legal principle that would sustain the position contended for by the appellee. The fact that the attachment is laid in the plaintiff's own hands does not affect the case. A garnishee is not a party to the action in the sense that he is required to make defence as between plaintiff and defendant. There is no statute in our State requiring him to interpose a defence, and to do so subjects him to the expense of a trial, and the risk of a judgment against himself for costs.

So far as the motion to dismiss is concerned, we have this to say, that the Code, sec 2, Art. 5, provides, that from any judgment or *determination* of any Court of law, in any civil suit or action  *  *  *  *  any party may appeal to the Court of Appeals.

We think the order of the Court below is such a determination of the rights of the party as entitles the appellant to an appeal.

For the reasons we have assigned, we reverse the judgment below.

*Judgment reversed.*