STONE Administrator of STONE *vs.* MAGRUDER AND BROOKE.·

Under the act of 1795, ch. 56, an attachment will have no validity, unless there be sent with it to the sheriff, a capias against the defendant, and also· a declaration or short note of the plaintiff's cause of action, to be set up at the court house door.

And the omission to do so, may be insisted upon by the garnishee, as a ground for quashing the attachment, although he may have pleaded thereto, and issues are joined upon the pleas.

For any substantial defect in the proceedings by attachment under this law, the judgment in the county court would be arrested.

APPEAL from *Prince George's* County Court.
This was a proceeding by *attachment,* commenced on the·

8th May 1837, by the appellants, to compel the appearance of *Eleanor Berry* a non-resident debtor. The plaintiffs filed an affidavit of their debt, &c., and a warrant of attachment was issued on the same day by the clerk of *Prince George's* county court. On the 28th June 1837, a writ of *capias ad responden-* *dum* and short note of the plaintiff's claim were issued, and sent to the sheriff. The attachment was laid in the hands of the appellees, who appeared as garnishees. The short note was set up at the court house door by the sheriff, and the capias against *Eleanor Berry* returned *non est.* The garnishees pleaded non-assumpsit and limitations on behalf of defendant, and nulla bona for themselves. Issue was joined on the pleas of non-assumpsit and nulla bona, but the plaintiff moved to strike out the plea of limitations as being filed too late.

At this stage of the cause, the garnishees moved the court to quash the writ of attachment, upon the grounds—

1st. That the affidavit does not state that *Anna Stone,* one of the plaintiffs, resides in the District of Columbia, or in one of the States of the United States, and that she did not unite in the affidavit.

2d. No declaration or short note filed at the time and sent with the writ. 3rd sec. of Act 1795, ch. 56.

3rd. The writ describes the plaintiff as administrator of *Henry Stone,* the judgment was obtained by the administrators of *Charles H. Stone.*

4th. No short note filed or set up at the court house door until late in June.

5th. By the proceedings the defendant is called upon to an-swer an action of trespass on the case; the cause of action is a judgment.

6th. Females cannot be imprisoned for debt. Act of 1824, ch. 206.

7th. Administrators in the District. Act of 1813, ch. 165.

8th. Act of 1831 does not apply to this case; applies to cases arising under 1815 alone.

9th. This fund in the hands of trustees in Chancery, it cannot be reached by legal process.

10th. Act of 1831, if it embraces such a case, is unconstitutional; it brings into conflict the *power* of the courts.

11th. The short note filed and set up at the court house, varies from the cause of action set out in the affidavit, so does the writ of attachment.

Upon the hearing of this motion, the county court quashed the attachment, and the plaintiffs appealed to this court.

The cause was argued before BUCHANAN, C. J., ARCHER, DORSEY, and CHAMBERS, J.

By T. G. PRATT and ALEXANDER for the appellants, and
By C. C. MAGRUDER for the appellees.

ARCHER, J., delivered the opinion of the court.

The court below on motion of the garnishees, quashed the attachment issued in this case.

Several matters have been adverted to as irregularities in the proceedings, all of which it is not necessary for us to examine, but we shall advert only to one, which we consider as clearly fatal to the attachment.

It appears from the record that the attachment issued on the 8th day of May 1837, that no capias was issued against the defendant until the 28th of June 1837; and that the short note on the same day was made, and sent with the writ to the sheriff, to be set up at the court house door.

The act of assembly of 1795, ch. 56, in its *third* section declares that, upon the issuing of every attachment, there shall be *therewith* issued, a writ of *capias ad respondendum*, against the defendant, and a declaration or short note, expressing the plaintiff's cause of action, shall *moreover be filed* and *a copy thereof sent with the writ*, to be set up at the court house door by the sheriff.

By the plain and obvious construction of this section, the attachment *per se* would have no validity; it must always be attended with a *capias* and *short note*. In the language of the law, the *capias* is to be issued therewith, and a copy of the short note is to be sent with the *capias*.

There is nothing in the reason of the law, or the objects which the legislature had in view, to incline us to give it a different construction; on the contrary, every thing to induce us to adhere to its literal and obvious import. The design of the law was, to bring in the defendant that he might appear to the action; and to accomplish this object, his goods are seized, a *capias* goes for his arrest, and a note is set up in a place calculated to give it publicity, displaying the cause of action, that the defendant may have notice of the proceeding against him. As the design of the latter was notice to the defendant, it would seem to be important that it should be cotemporaneous with the attachment; that as great a time as possible should be allowed him to obtain information of the proceeding. If the sending out the short note may be delayed as was done in this case, five or six weeks, why may it not be postponed until the day before the condemnation? If we depart from the time prescribed by the law, there could be no limitation of time for sending it out, short of the period of condemnation. The result would be, that the design of the legislature in giving notice would be entirely defeated.

There can be no doubt of the ability of the garnishee to take this objection. He is a party to the attachment, and could at all times plead to it or object to its illegality or irregularity; and if by the act of 1795, ch. 56, the capias and short note be necessary, as we believe they are, to give validity to the attachment, it is proper that he should have the power, as well to present this objection to the court, as any other irregularity upon the face of the attachment itself. It was said by the General Court that, for any apparent defect in the proceeding by attachment, the attachment may be quashed upon suggestion of such defect to the court, either by the defendant himself or a third person, claiming an interest in the property attached. *Campbell vs. Norris*, 3 *Harr. & McHen.* 552. The practice has constantly conformed to this doctrine.

It has been supposed in the argument of the appellants' counsel, that as the garnishee had pleaded to the attachment, and issue was joined on the pleas of non-assumpsit and *nulla*

*bona*, and as a motion to strike out the plea of limitations had been made, which was undisposed of by the court, the motion to quash came too late. Authorities have been cited to show, that applications to set aside proceedings should be taken early, and that the party intending to make such application, if he take any steps, cannot afterwards take advantage of such irregularity. As a general proposition, however true this may be, it does not apply to the case before the court. It is said in 5 *Harr. & John.* 132, "that where the proceedings are particularly described by a statute made on the subject, that course of procedure, so described, must on the face of the record appear to have been, if not literally, at least substantially, complied with." This was said, too, in a case of attachment under the law of 1795, ch. 56, after the case had been tried on issues in the county court.

In the case of *Prentiss and Carter, garnishee of Stone, vs. Gray,* 4 *Harr. & John.* 192, the Court of Appeals reversed the judgment of the county court after a trial on issues, for irregularity in the proceedings upon which the attachment was founded. For any substantial defect in the proceedings by attachment under this law, the judgment in the county court would on motion be arrested; and the motion to quash should be heard at any stage of the proceedings, for if founded on proper reasons, it would render nugatory all proceedings which might be had in the trial of the merits of the cause.

We are therefore of opinion that the motion to quash was rightly decided by the county court, and affirm their judgment.

JUDGMENT AFFIRMED.