Potomac Steamboat Co., *et al. vs.* Clyde.

(Decided 25th March, 1879.)

---

THE POTOMAC STEAMBOAT COMPANY, and others *vs.* THOMAS CLYDE.

*When the Appearance of a Non-Resident Defendant by Attorney in an Attachment Proceeding shall not be Construed as a Voluntary Appearance in the Suit against him Personally.*

A non-resident defendant has a legal right to appeal by attorney in ancillary proceedings by attachment on warrant, for the purpose of moving that a judgment of condemnation rendered therein more than a year before, be stricken out, and the execution thereon be

quashed, without thereby being within the jurisdiction of the Court in respect to an action of *assumpsit* brought at the same time against him personally, wherein a summons was issued and returned *non est* and never renewed.

The appearance of the non-resident defendant by attorney in the attachment case for the purposes before mentioned, cannot be construed to be a voluntary appearance in the action of *assumpsit;* and as he was never served with process therein, the Court could have no jurisdiction or power to render a judgment *in personam* in that case.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J., for the appellants, and submitted for the appellee.

*Skipwith Wilmer,* for the appellants.

The appellants contend that the defendant has voluntarily appeared and subjected himself to the jurisdiction of the Courts of Maryland. He has succeeded in suspending the action of the Superior Court, while he takes an appeal to this Court; by this Court he is sent back to the Superior Court, with a command that his case be tried on its merits; and we submit that having invoked the aid of this Court, he must submit himself to its commands.

The proceedings in attachment against non-residents are intended merely to compel an appearance. The liberty allowed the defendant during the term at which the judgment of condemnation *nisi* was rendered, was limited to that term. After the expiration of the term, the defendant's only right was to come in and show that he did not owe the debt; to have the case tried on its merits; and to preserve this opportunity for him, the plaintiff was not allowed to have an execution for a year and day, without

giving bond to indemnify the defendant, should he subsequently disprove the plaintiff's claim. *Walters & Harvey vs. Monroe,* 17 *Md.,* 505; *Campbell vs. Morris,* 3 *H. & McH.,* 553.

As the attachment is in these cases only an ancillary proceeding, the writ of attachment is always accompanied by a writ of summons. If the sheriff is able to serve both, the judgment is *in personam,* and the property is held to satisfy such judgment. If only the writ of summons be served, the suit proceeds as any other—unaffected by the fruitless attachment. If the property is attached, but there be no service on the defendant, and he do not appear, the cause proceeds to final judgment, and will not authorize an execution against any other property.

We contend that in this case Clyde did appear. He finds an execution issued against his property—not an attachment merely, which he could move to quash—but a judgment which, after standing more than a year, has resulted in an execution. He files his petition to the Judge of the Superior Court. He makes his motion in writing, and he comes up by filing an order of appearance for defendant, signed by the attorney of Thomas Clyde; and yet he contends that the defendant never was in this Court. The case was tried in the Court of Appeals upon the short note, and in fact in attachment cases the defendant technically never appears to the attachment but always to the *capias. Evans' Practice,* 138; *Lamden vs. Bowie,* 2 *Md.,* 334.

*William Shepard Bryan,* for the appellee.

The defendant had a right to file a petition to quash the judgment of condemnation in the attachment case, without making himself a party to the short note case by appearing therein. *Campbell vs. Morris,* 3 *H. & McH.,* 535.

The defendant had as much right to the assistance of an attorney in his efforts to resist the attachment, as he

would have had in any other proceeding.   His employing an attorney for this purpose cannot be regarded as a technical appearance to the writ of summons.   All the proceedings by him were in the attachment case, and were directed to the sole purpose of setting aside the judgment of condemnation.

In *Wynn vs. Wyatts' Adm'r*, 11 *Leigh*, 584, the question arising in the present case was decided.   On page 591 the Court say:   "It has been earnestly insisted that Wynn's appearance in term to have the attachment quashed, and the proceedings consequent on it set aside, was an unqualified appearance to the action, which superseded the necessity of other process."   After a very clear statement of the reasons for their opinion, the Court say that the appearance of the defendant for this purpose, "was not an appearance to the action, dispensing with further and proper process."   And this decision has been approved by the Supreme Court of the United States in *Harris vs. Hardeman*, 14 *Howard*, 343.

There was not only, in point of fact, no appearance in the short note case, but that case was no longer in existence when Clyde filed his petition and motion.   The writ had been returned *non est* more than a year before, and had never been renewed.   The case had been discontinued, (*Evans' Practice*, 315,) and was entirely dead.   The attachment proceedings had been consummated by a judgment, so the whole controversy had been concluded.   There remained to Clyde only the right to assail the judgment in attachment for fraud and irregularity.   This he did, and nothing more.

BARTOL, C. J., delivered the opinion of the Court.

At the suit of the appellants an attachment on warrant was issued against Thomas Clyde, a non-resident, returnable to January Term of the Superior Court, 1870 ; the writ was laid in the hands of the Powhatan Steamboat

Company as garnishee, and certain property of Clyde, the defendant, was attached *per schedule,* consisting of forty shares of capital stock, owned by him, of the Powhatan Steamboat Company. At the same. time an action of *assumpsit* was brought by the same plaintiffs against Clyde, and a summons issued thereon returnable to the same term. The *summons* was returned *non est,* and there being no appearance for garnishee, *judgment of condemnation nisi* was entered, which became absolute, by the expiration of the term.

In January, 1871, after the lapse of a year and a day, a writ of *fieri facias* was issued upon the judgment. On the 6th day of February following, Clyde filed a petition and motion to set aside the judgment of condemnation and quash the execution; this motion was on the same day overruled by the Superior Court, and on the following day, Clyde, the defendant, appealed from the judgment of condemnation, and also from the order of the Superior Court overruling his motion.

On the hearing of the appeal, this Court reversed the order of the Superior Court overruling the motion, and remanded the case for a new trial, "in order that the parties might have an opportunity to produce testimony to sustain or disprove the averments contained in the petition, and the motion be heard and disposed of on its merits." *Powhatan Steamboat Co., Garn. vs. Potomac Steamboat Co., &c.,* 36 *Md.,* 238.

After the case had been remanded, the appellee voluntarily dismissed his motion to strike out the judgment, &c., for the reason, as alleged, that the stock attached had become worthless. Whereupon the appellants, plaintiffs below, filed their petition in the Superior Court, stating the above facts, and claiming that they were entitled to a judgment by default, for want of pleas against the defendant, Clyde, in the action of *assumpsit,* and to an inquisition to assess damages therein.

This motion was resisted by the defendant, for the alleged reason that he had never been summoned in said case, had never appeared therein, and was not within the jurisdiction of the Court, and consequently no judgment could be rightfully rendered against him.

The proceedings show that the summons which had been issued against Clyde, and returned *non est* at the January Term, 1870, had never been renewed.

The ancillary proceedings in attachment had been regularly prosecuted, and a judgment of condemnation entered therein, and an execution issued thereon. In this proceeding, Clyde appeared by attorney for the purpose of moving that the judgment of condemnation be stricken out, and the execution thereon quashed.

There is no doubt of the legal right of the defendant to appear for that purpose in the attachment case, without thereby being within the jurisdiction of the Court in respect to the suit against him personally.

When we examine the petition and motion heretofore made by the appellee, and which was before us on the former appeal, we discover nothing therein to show that his appearance by attorney was in any other suit except in the attachment case, for the purposes before mentioned, and this being so, such appearance cannot be construed to be a voluntary appearance in the action of *assumpsit.* That suit had been discontinued, he had never been served with process therein, and consequently the Court could have no jurisdiction or power to render a judgment *in personam* against him in that case. *Wynn vs. Wyatts,* 11 *Leigh,* 584.

In our opinion the Superior Court was right in overruling the motion of the appellants and dismissing their petition, and the judgment will be affirmed.

*Judgment affirmed.*

(Decided 25th March, 1879.)