(Decided January 5th, 1898).

## EDWARD D. CROOK vs. THE GIRARD IRON AND METAL CO.

*Foreign Corporations—Liability to Suit in This State—Service of Process.*

The general rule is that a foreign corporation, which has no office and transacts no business in this State, is not liable to an action by service of process upon one of its officers who is temporarily within this State.

Code, Art. 23, sec. 295, provides that a corporation not chartered by the laws of this State which shall transact business therein shall be liable to suit in this State on any dealings therein. Defendant, a foreign corporation, bought certain goods at a sheriff's sale here by its agent. Plaintiff, a resident of this State, claimed that defendant had sold the goods to him and sued for the same in replevin, the writ being served on said agent. *Held,* that the defendant was not engaged in business in this State, and that the writ should be quashed. *

Appeal from an order of the Superior Court of Baltimore City (Wright, J.) quashing the writ of summons in this case.

---

* As to service of process on foreign corporations, see note appended to *Foster* v. *Charles Betcher Lumber Co.*, 23 L. R. A. 490.

The cause was argued before McSHERRY, C. J., BRYAN, BRISCOE, ROBERTS and BOYD, JJ. (Oct. 15, 1897).

*Robert H. Smith* and *Daniel L. Brinton,* for the appellant.

*Isidor Rayner* and *Richard H. Worthington,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This is an action of replevin brought by the appellant against the appellee to recover the possession of a lot of electrical machinery. The appellant is a citizen of the State of Maryland; the appellee is a body corporate of the State of New Jersey. The appellee, in June, 1896, purchased at sheriff's sale in Baltimore City the above-mentioned machinery and paid cash for the same. After the sale and delivery of said machinery the appellant, claiming that he had purchased the same from the appellee and was entitled to the possession thereof, sued out the writ of replevin and took possession of the goods in dispute. The writ having been served upon Mr. Ginsburg, the agent of the appellee, it appeared in the Court below for the sole purpose of filing a motion to quash the writ of summons and to set aside the return of the sheriff, assigning reason therefor, that it was a corporation, not chartered by the laws of this State, and did not hold and exercise franchises in this State at the time of the service of the writ issued in this case.

There is but one question arising on this appeal which will be necessary for us to consider and determine, and that relates solely to the right of the appellant to maintain this action under the state of case which the record presents. In the view which we entertain of the disposition which should be made of the motion to quash, it will not be requisite to pass upon any other question in the record, for the reason that if no legal service of the writ of replevin has been made upon the appellee, it will be useless to consider any other question in the case. The character of the question before us has been sufficiently indicated in what we have already

.said. ᐧ The decisions upon this question are by no means uniform ; to the contrary, they are somewhat confused. But we think the decided weight of authority is in favor of the proposition that so long as a corporation confines its operation to the State in which it was created, it cannot be sued in a State, where it has no office or transacts no business, by serving process on its president or other officer, when temporarily present within such State. *Thompson on Corporations,* sec. 7994 ; *Moulin* v. *Trenton Mut., &c., Co.,* 24 N. J. L. 222 ; *Camden Rolling Mill Co.* v. *Swede Iron Co.,* 32 N. J. L. 15 ; *U. S.* v. *Am. Bell Telephone Co.,* 29 Fed. Rep. 17.

The provisions of the Code which relate to this subject .are sections 295, 296 and 297 of Art. 23. For the purpose of this opinion it will only be necessary to quote the language of sec. 295, which reads as follows : " Any corporation not chartered by the laws of this State, which shall transact business therein, shall be deemed to hold and ex-.ercise franchises within this State and shall be liable to suit .in any of the Courts of this State, on any dealings or trans-.actions therein." It is conceded that the appellee is a for-.eign corporation, having no place of business within this .State, and that it has, so far as the record discloses, had no dealings or transactions in this State other than the pur-.chase by it of the electrical machinery hereinbefore mentioned. Upon this state of facts has the appellant a legal right to maintain this action by making service of the writ upon the agent of the appellee, who was at the time of such service, temporarily within the State of Maryland ? In determining the liability of a corporation to process and action within a state foreign to its creation, it is oftentimes important to ascertain the extent and character of the dealings òr transactions had or done within such State. This question was considered in the case of *Clews* v. *Woodstock Iron Co.,* 44 Fed. Rep. 31, in which there was, as in this case, a motion to set aside service of the summons and to quash the writ for the reasons assigned in this case. The facts in that

case are briefly these; a foreign corporation which had done no business in New York beyond negotiating a mortgage on its property, and having the bonds secured thereby put on the list of the New York Stock Exchange, was served with summons by service of the writ upon its president, who was temporarily in the State of New York attending to other business matters, including the negotiation of said mortgage. The Court held that the corporation was not engaged in business in that State, and that no jurisdiction over it was acquired by service of summons on its president while temporarily in that State for the purposes named. Also *Good Hope Co.* v. *Railway B. F. Co.*, 22 Fed. Rep. 635 ; *Moulin* v. *Insurance Co.*, 24 N. J. L. 224 ; *Phillips* v. *Library Co.*, 141 Pa. St. 462 ; *U. S. Graphite Co.* v. *Pacific Co.*, 68 Fed. Rep. 442 ; *St. Clair* v. *Cox*, 106 U. S. 350.

From a careful examination of the case presented by the record, we find nothing therein which we deem necessary to further consider or pass upon. Concurring in the ruling of the Court below we affirm the same.

*Ruling affirmed with costs.*

(Decided January 5th, 1898).