# SUGAR PRODUCTS COMPANY

## vs.

## FRANK KITZMILLER et al. Trading as P. Duff & Sons.

*Garnishment—Contract Not Produced—Delay in Objecting— Defense Through Garnishee—Right of Appeal— Motion to Quash.*

That the contract, by which defendant was alleged to be indebted, was not attached to the voucher or account filed with the affidavit, cannot be asserted by a motion to quash the attachment, not made until after the jury had rendered its verdict on the merits, when it was too late to correct the defect by amendment.                                                          pp. 651, 653

The defendant having elected to make its defense through the garnishee rather than to appear and plead for itself, it cannot complain that the garnishee failed to appeal from a ruling adverse to defendant.                                                       p. 653

Error in refusing to take the case from the jury for want of legally sufficient evidence to prove the debt is to be availed of by appeal from the judgment against the garnishee, and not by a motion to quash.                                                      p. 652

*Decided January 21st, 1921.*

Appeal from the Superior Court of Baltimore City (BOND, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Charles Markell,* for the appellant.

*Joseph C. France,* with whom were *Wm. Edgar Byrd* and *Chas. Lee Merriken* on the brief, for the appellees.

PATTISON, J., delivered the opinion of the court.

In July, 1918, an attachment was issued in this case out of the Superior Court of Baltimore City at the instance of the appellee against the appellant, a corporation of the City and State of New York, and laid in the hands of one Samuel Liebowitz, garnishee, who pleaded *non assumpsit* on behalf of the defendant and *nulla bona* for himself.

When the case came on for trial in December, 1919, Mr. Ashman, counsel for the garnishee, moved the admission to the bar of that court of Clarence M. Lewis of the New York bar, stating at the time that he was the personal counsel for the defendant, the Sugar Products Company, and wished to participate in the trial of the case, but stating that the defendant by so doing was not submitting to the jurisdiction of the court "for the purpose of a personal judgment, but Mr. Lewis is *representing them* here for the benefit he gets under the plea I have filed as garnishee." At the time Mr. Lewis stated: "I am just here to participate with Mr. Ashman in the trial of the garnishee suit of P. Duff & Son (the plaintiff) vs. Samuel Liebowitz;" and then in response to a question from the court, Mr. Ashman stated that the understanding was that "this case will dispose of the whole matter. The suit that is going to be tried now before this jury is the suit of Elizabeth M. Kitzmiller and others vs. Samuel Liebowitz, garnishee, *and the short note case.* The issues presented to this jury by agreement of counsel for both defendants, the garnishee and the Sugar Products Company, as well as counsel for the plaintiff, will be—

"*First*—As to whether Liebowitz has any funds belonging to the Sugar Products Company, which is a non-resident defendant, a New York corporation; and

"*Second*—Whether the Sugar Products Company, the defendant, is indebted to the plaintiff in this short note case."

In the statement so made, Mr. Ashman further said that it is agreed that "at the time the attachment was laid in the hands of Samuel Liebowitz by the plaintiffs in this case,

* * * Liebowitz had $14,000 clear belonging to the Sugar Products Company, and therefore if the plaintiff in this case establishes that the Sugar Products Company is indebted to them at least to that amount, it is agreed that the jury should render a verdict of condemnation condemning $14,000 in the hands of Liebowitz belonging to the Sugar Products Company, and that this condemnation, if so found, will dispose of claimant's suit and the claimant's suit will be dismissed." And he then asked, "Is that correct?" Mr. Merriken, counsel for the plaintiff, replied, "That is correct." Mr. Ashman then said "Is that correct, Mr. Lewis?" And Mr. Lewis answered "Yes." Mr. Ashman then requested that the record should show that his statement was concurred in by Mr. Lewis and the counsel for the plaintiff.

The case then proceeded to trial upon the single issue whether the defendant was indebted to the plaintiff as claimed by it. During the progress of the trial a number of objections were made by Mr. Lewis to the admission of evidence, some of which were overruled, and exceptions were noted by him to the rulings thereon.

At the conclusion of the plaintiff's evidence, the garnishee moved that certain testimony that had been admitted should be stricken out, which motion was overruled. He then asked for an instruction that the case be withdrawn from the jury upon the ground that the plaintiff had "offered no evidence legally sufficient under the pleadings in this case to show that the defendant, the Sugar Products Company, is indebted in any amount to the plaintiff." This prayer was refused, and exceptions were taken to the court's rulings in its refusal to strike out the evidence and to grant said prayer of the garnishee.

On the 8th day of December, 1919, the jury rendered a verdict in favor of the plaintiff for $14,000, and on the same day a judgment *nisi* was entered on the verdict. Two days thereafter, on December 10th, the garnishee filed his motion for a new trial, which was withdrawn on the 19th day of

December by Mr. Ashman, counsel for the garnishee, and on that day a judgment absolute was entered by the clerk of the court.

It seems that after the verdict, and after the motion for new trial had been filed, the defendant, by other counsel "appearing specially," filed a motion to quash the attachment. This, however, though done on the same day, was before the withdrawal of the motion for a new trial. Thereafter on the 17th day of February, 1920, said counsel for defendant, "appearing specially," filed a motion in arrest of judgment.

On the 10th day of April a hearing was had upon the motions to quash and in arrest of judgment, and though no additional evidence was taken, the defendant asked for the following instruction:

"The defendant prays the court to rule as a matter of law that there has been no evidence legally sufficient to prove the alleged debt on which the attachment is based."

On the 23rd day of April the motions to quash and in arrest of judgment were overruled, and later, it coming to the knowledge of the court that the clerk had extended the judgment while the motion to quash was still pending, the court on the 15th day of May, 1920, at the instance of plaintiff's counsel, struck out the judgment so entered by the clerk, and on the same day, upon its order, a final judgment was entered as of April 23rd, the day upon which the motion to quash was overruled.

. Thereafter on the 3rd of June defendant's counsel "appearing specially for the purpose of taking the appeal," entered an appeal from the order overruling the motion to quash, and from the judgment recovered in the case against the garnishee, but no appeal was taken from the ruling of the court upon the motion in arrest of judgment.

. The motion contained a number of grounds upon which the court was asked to quash the attachment, but only two of them were pressed by the appellant.

The first of these was that "the plaintiffs did not produce, when the attachment issued, 'the bond, account or other evidence of debt' by which the defendant was alleged to be indebted;" and the second, that "the plaintiffs had not offered proof of their debt, as is required before any judgment of condemnation *nisi* shall be made absolute."

The learned judge below, in overruling the motion, held that after full trial on pleas to the merits, the objection made, that the contract was not attached to the voucher or account filed with the affidavit, came too late; and that all questions as to the legal sufficiency of proof of the debt were foreclosed, so far as the attachment was concerned, by the verdict rendered in it.

The defendant could have appeared to the short note case and pleaded pertinent pleas thereto, had it so wished, leaving the attachment standing; or it could have dissolved the attachment by appearing to the action and giving or causing to be given a bond in a sum equal to the value of the property attached, with security to be approved by the court, to satisfy any judgment that should be recovered against the defendant in such action, and by so doing its property would have been released from the lien of the attachment, the bond taking the place of the attachment.   And while defendants could not have pleaded in the short note case any defense going to show that the attachment was irregularly issued, as such defense would have been inappropriate thereto, it could have moved *after* the return day of the attachment to quash for apparent defects in the proceedings; 2 *Poe Pl. & Pr.,* secs. 555 and 556; *Barr* v. *Perry,* 3 Gill, 313; *Lambden* v. *Bowie,* 2 Md. 334; *Walters* v. *Munroe,* 17 Md. 501; or under the Code provision (Art. 9, Sec. 20) it could have filed a petition before the return day of the attachment, praying that it be quashed and set aside.   In all of these defenses the conduct and management of the same would have been under the control of the defendant.

The defendant, however, did not avail itself of any of the above mentioned defenses, but made its defense through the garnishee, which he could do only with the consent of the garnishee. *Albert* v. *Albert,* 78 Md. 338.

This the defendant doubtless did because, in so doing, it did not submit to the jurisdiction of the court for the purpose of a personal judgment against it, when the amount claimed was far in excess of the value of the property or credits in the hands of the garnishee; and by so doing it, under the plea of *non assumpsit* filed by the garnishee, was having decided the very issue that would have been determined had it appeared and pleaded to the short note case; and this too was the only issue presented at the trial, the other issue—whether the garnishee had property or funds in his hands belonging to the defendant—having been eliminated by the agreement of the counsel of the garnishee, defendant and plaintiff respectively. In the trial of the case the defendant was represented by its personal counsel, who actively participated in the conduct of the case, but not until the evidence was concluded and the jury had rendered its verdict, was there any motion filed to quash the attachment.

In *De Bearn* v. *De Bearn,* 119 Md. 429, this court said, speaking through CHIEF JUDGE BOYD:

"The only remaining question to be considered is that in reference to the sufficiency of the causes of action filed with the attachments. Under Section 28 of Article 9 of the Code, the affidavit, short note, declaration, vouchers, pleadings, interrogatories, claim of property and all other papers in attachment proceedings can be amended in the same manner and to the same extent as the proceedings in any other suits or actions at law, 'so that all attachment cases may be tried on their real merits and the purposes of justice subserved; nor shall any proceedings be quashed or set aside for any defects in mere matters of form.' These records fail to show that objection was made in the lower court at any time to these attachments on this ground. If there had been such

objections, under our present practice the causes of action could have been amended, if deemed necessary or proper. While the defendant did not appear to the *capias* cases he has been represented by counsel throughout in the attachment cases, and we do not feel called upon or at liberty to now inquire into the sufficiency of the causes of action.   The defendant has certainly had every opportunity to make his defenses."

If the failure of the plaintiffs to produce the written contract of sale at the time the attachment issued was a defect, as claimed by the defendant, it was one apparent upon the face of the proceedings, and one that could have been amended under the present practice based upon the existing statutes of this state.   But although the defendant was represented by counsel throughout the trial of the case, no motion to quash was filed because of such alleged defect, until after the jury had rendered its verdict, which was too late to correct the alleged defect by amendment.   At such time, in our opinion, it was too late under the facts and circumstances here stated to inquire into the alleged defect by the method adopted.   The other ground of the motion went to the sufficiency of the proof of the debt upon which the attachment was based.

This question was presented to, and ruled upon, by the Court in its refusal to grant the garnishee's prayer, which asked that the case be taken from the jury for want of legally sufficient evidence tending to prove such debt.   To this ruling an exception was noted.   If there was error in so ruling, an appeal to this Court, by which that ruling could have been reviewed, would have been the proper course to have pursued, and not a motion to quash; and, though the defendant claims that it was compelled to file its motion to quash because of the withdrawal of the motion for a new trial, the grounds of which are not stated in the record, there is nothing found in the record showing that the garnishee was asked, or that he refused, to appeal from the judgment against him.   And the defendant should not be heard to complain of the action of

the garnishee, when it elected to make its defense through him rather than appear and plead for himself, where the conduct and management of such defense would have been entirely under its control and not in any wise under the control and management of the garnishee. *Albert* v. *Albert, supra.*

In our opinion the Court acted properly in overruling the motion to quash and, in view of what we have said, we find no error in the Court's action upon the prayer offered by the defendant. As we find no errors in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed with costs.*