BENJAMIN BANK *v.* CHARLES MEYERS & CO.

[No. 41, October Term, 1943.]

*Decided December 15, 1943.*

The cause was argued before SLOAN, C. J., DELAPLAINE, COLLINS, MARBURY, MELVIN, ADAMS, and BAILEY, JJ.

*William Hoffenberg* and *Albert A. Levin* for the appellant.

*Robert D. Bartlett* for the appellee.

BAILEY, J., delivered the opinion of the Court.

Benjamin Bank, the appellant in this case, a citizen of Maryland and a resident of Baltimore City, while employed as a traveling salesman by Charles Meyers & Company, the appellee, of St. Louis, Missouri, was severely injured on November 4, 1939, as the result of an accident arising out of and in the course of that employment.

The appellee, at the time of the accident and at the time of the trial of this case, was a manufacturer of

men's trousers, maintaining two places of business, one, the main office of the company, in St. Louis, the other, a sales office, in Chicago, Illinois. It is admitted that it has never maintained a place of business in Maryland.

In August, 1939, the appellant applied by letter to the appellee for a position as traveling salesman for the territory comprising the States of Maryland, Delaware, North Carolina, South Carolina, Georgia, most of Virginia and Florida, and the District of Columbia. Thereafter a series of letters passed between the parties and Bank was advised that the final decision as to his employment could not be made until he had been interviewed by a Mr. Silverman, who was described in one letter as the "Executive Field Sales Manager" of the appellee. Silverman came to Baltimore and conferred with Bank at the Emerson Hotel on October 15, 1939. On October 17 he wrote to his company stating that Bank was rejected and adding, "I am going to stay here as long as I find necessary and until I place a man on the job." Evidently Silverman did not inform Bank of his rejection, for on October 23 Bank telegraphed the company inquiring as to his status, and on the same day the company wrote him that a copy of his telegram was being sent to Silverman "for whatever disposition he sees fit." Several days later Silverman and Bank met again at the Emerson Hotel in Baltimore and as a result of that conference Bank was employed. At that time Silverman gave to Bank sample cases of trousers, watches, stationery and a partial list of delinquent accounts.

Bank lived at 821 Chauncey Avenue, Baltimore, and the accident occurred in front of 806 Chauncey Avenue on November 4, 1939. The details of the accident are immaterial as it is admitted that the injuries suffered by Bank arose out of and in the course of his employment by the appellee. As a result of the accident he was temporarily totally disabled until July 12, 1940. He filed his claim for compensation with the State Industrial Accident Commission of Maryland on December 9,

1939.  On January 2, 1940, the commission passed an *ex parte* award allowing his compensation at the rate of $20 per week during the continuance of his disability. Subsequent to the filing of his claim with the Maryland Commission, he filed a claim with the Missouri Workmen's Compensation Commission, and on April 25, 1940, upon the suggestion of one Schein, vice-president of appellee, he requested that the order of the Maryland Commission passed on January 2, 1940, be rescinded and annulled pending the outcome of Missouri proceedings.  By its order dated April 27, 1940, the State Industrial Accident Commission rescinded and annulled its order of January 2, 1940, and held the case pending further consideration.

The claim before the Missouri Workmen's Compensation Commission was filed against the appellee, as employer, and Bituminous Casualty Corporation, as insurer.  The insured filed its answer to the claim, contending that the Missouri Commission was without jurisdiction for the following reasons: first, that the contract of employment was made in Baltimore, Maryland, and the place of the accident was the State of Maryland; second, that the claimant had obtained an award in his favor against the employer for compensation and medical expense arising out of his accident of November 4, 1939.  The second reason refers, of course, to the previous order of the Maryland Commission dated January 2, 1940.  The hearing was held before a member of the Missouri Commission on November 28 and 29, 1940, and on March 12, 1941, there was an award on hearing in favor of the employer and insurer based upon a finding from the evidence that the contract of employment was not made in the State of Missouri and that the accident occurred in the State of Maryland.  The case was submitted on review to the entire commission and affirmed by its order dated May 9, 1941, as follows: "We find from all the evidence that the contract of employment herein was not made in the State of Missouri and that the accident occurred in the State of Maryland.  This

Commission therefore, has no jurisdiction in the premises and compensation is accordingly denied. (Section 3700, R. S. Missouri, 1939 [Mo. R. S. A.])." The Missouri Workmen's Compensation Law, Mo. R. S. A., 1939, Sec. 3700 (b), provides that: "This chapter shall apply to all injuries received in this state, regardless of where the contract of employment was made, and also to all injuries received outside of this state undercontract of employment made in this state * * *."

Thereafter Bank requested the Maryland Commission to reopen his claim and the employer appeared specially and requested a hearing to determine whether the employer was subject to the Workmen's Compensation Law of Maryland. Upon this issue the commission, on September 4, 1942, found that the employer was subject to the Workmen's Compensation Law of Maryland at the time of the accident and ordered the employer to pay to Bank compensation at the rate of $20 per week, payable weekly, from November 8, 1939, to July 12, 1940. The employer then appealed to the Superior Court of Baltimore City, but upon suggestion of Bank the case was removed to the Baltimore City Court, where it was submitted to the court for determination without the intervention of a jury upon the following issue: "Is the employer, Charles Meyers & Co., subject to the Workmen's Compensation Law of Maryland?" The answer of the court to the issue was "No," whereby the order of the State Industrial Accident Commission dated September 4, 1942, awarding compensation to the claimant, was reversed. On April 26, 1943, after a motion for new trial was overruled, the court entered a judgment for the employer for costs. It is from this judgment that the claimant has appealed. The appeal comes to this court under Trial Rule 9 (c) of the General Rules of Practice and Procedure, 1941, and is taken and heard according to the practice in equity. In compliance with subsection (a) of said rule, the trial court has stated the grounds for its decision in an opinion which is contained in the record.

As originally enacted the Maryland Workmen's Compensation Law did not apply to outside salesmen. By Chapter 583 of the Acts of Assembly, 1924, the law was amended so as to bring certain salesmen within its provisions. This Act, now codified as Subsection (43) of Section 33 of Article 101, Code, 1939, provides that compensation shall be payable for injuries sustained or death incurred by employees engaged in the following extra-hazardous employments: "(43) All salesmen including sales managers employed to solicit orders from customers outside of the establishment for which they are employed, who are citizens or residents of this State, employed by a person, firm or corporation having a place of business within this State, whether the injury for which compensation is asked was sustained within this State or elsewhere. * * *"

Under the express terms of the Act there are two definite requirements to be met in order for a claimant, who is an outside salesman, to be entitled to compensation: first, he must be a citizen or resident of the State of Maryland; second, he must be employed by a person, firm or corporation having a place of business within the State of Maryland.

In the case of *Liggett & Meyers Tobacco Co. v. Goslin,* 163 Md. 74, 160 A. 804, the constitutionality of this Act was assailed, but in an opinion by Judge Offutt the court upheld its validity and constitutionality. However, in doing so there was read into the Act a third requirement, namely: that the contract of employment must be made in this State. The court said, at page 83 of 163 Md., at page 809 of 160 A.: "When therefore it says 'employed by a person, firm or corporation having a place of business within this state,' the act necessarily refers to a contract made in this state by such person, firm or corporation. *Restatement, Conflict of Laws,* A. L. I. 438; *Schneider, Workmen's Compensation,* Sec. 47; *Re Gould,* 215 Mass. 480, 102 N. E. 693."

In the case at bar it is admitted that the claimant is a citizen and resident of the State of Maryland, so the first

requirement of the Act is fulfilled. This leaves for our decision the two following questions:

First: Was the contract of employment made in Maryland?

Second: As it is admitted that the employer has no place of business within this State, does this fact exempt it from the provisions of the Workmen's Compensation Law?

We have already quoted some of the pertinent testimony relating to the first question. In addition, a letter from the company to Bank, dated September 12, 1939, states that if Silverman "believes you are the person, you will immediately start to work with him for a few weeks * * *"; a letter dated October 27, 1939, from Schein, the vice-president of the company, to Bank says, "I have read the contents of Mr. Silverman's letter with a great deal of pleasure, for in it we are told that you were now a representative of ours in several of the southeastern states"; a letter from the sales manager, Chiprin, to Bank on November 2, 1939, begins, "It gives me a great deal of pleasure to confirm your appointment as our representative in the territory known as No. 24 which arrangements were made between you and I and also Mr. Harry Silverman and yourself a short time ago"; and again on February 15, 1940, Chiprin writes, "As to the Workmen's Compensation, I want you to know, Ben, that we did run into trouble in your case due to the fact that you were hired in Baltimore and not in Illinois or Missouri." From this evidence we must conclude that the contract of employment was made in Maryland. Finding as we do that the appellant was employed under a Maryland contract, it becomes unnecessary for us to decide whether, from all the facts and circumstances appearing in the record, the employer is estopped from denying that the contract was made in Maryland.

This brings us to the second question. It is contended by the appellant that by the decision of this court in the Goslin case, *supra,* the requirement of the statute that

the employment must be by "a person, firm or corporation having a place of business within this State," is fulfilled if the employer is doing business in this State, without actually maintaining a place of business herein. With this contention we cannot agree. A careful reading of Judge Offutt's opinion discloses that in the Goslin case he was dealing with an employer who maintained a place of business within the State, that throughout the opinion he referred to the employer's "place of business" and that only once did he use the expression "doing business therein." In construing the clause of Subsection (43) with which we are now concerned, "employed by a person, firm or corporation having a place of business within this State," he said that this portion of the Act necessarily refers to a contract made in this State by *such* person, firm or corporation. And *such* person, firm or corporation can be only a person, firm or corporation having a place of business within this State. Again, in the opinion it is stated at page 80 of 163 Md., at page 807 of 160 A.: "Employers who maintain a place of business in the state are expressly within its terms, if they have no such place there is no reason why they cannot bring themselves within its terms if they so desire by complying with that requirement." This was not done by the employer in this case, and since it was not done, it is our conclusion that the employer is not subject to the provisions of the Maryland Workmen's Compensation Law, even though all the other requirements of the statute and the Goslin case are fulfilled. Elsewhere in the opinion, in discussing what employers came within the provisions of the law, it is stated that "the state could not have extended it so as to include persons who were neither citizens nor residents of the state, for over such persons it would have had no jurisdiction." We feel that the same rule is applicable to employers, and that the Legislature must have considered the jurisdictional question when it prescribed that the employer must maintain a place of business within the State. And we feel, too, that the requirement

is a sound one. The Act places certain duties and responsibilities upon the employer, and if the employer is not within the jurisdiction of the State, how can the State compel the employer's compliance with the law?

Even if we were of the opinion that the requirement of the Act was gratified by an employer doing business in Maryland without actually maintaining a place of business in the State, it would not avail the appellant in this case. The orders for merchandise obtained by Bank were sent by him to the St. Louis office of the company, and if the orders were accepted by the company, all the merchandise was shipped from St. Louis. We cannot find from the record that Bank had any duties other than the soliciting of orders. It has been decided that "the mere soliciting and obtaining of orders within a state by the agent of a foreign corporation for goods to be shipped into the state to the purchaser does not amount to doing business within the state, such as to render the corporation amenable to service of process therein." 60 A. L. R. 1031, and cases there cited; 101 A. L. R. 133, and cases there cited.

In the case of *M. J. Grove Lime Company v. Wolfenden,* 171 Md. 299, 188 A. 794, 796, this court referred to the cases of *People's Tobacco Co. v. American Tobacco Co.,* 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587; and *Bruner v. Kansas Moline Plow Co.,* C. C. A., 168 F. 218, and said that, "They deal with questions construing the meaning of statutes wherein the transaction of businesses within the state are involved, and hold that the sale of goods by means of solicitors or agents in itself does not constitute or amount to doing business such as would subject the corporation or seller to the local jurisdiction for the purpose of service of processes upon it, nor will the sale and delivery by such solicitation and the collection of prices constitute carrying on a business within such state or territory within the meaning of the statute prescribing the conditions under which foreign corporations may do business therein." Upon these authorities it is our conclusion that Charles Meyers & Company was not doing business in the State of Maryland.

Holding, as we do, that, unless the employer maintains a place of business within the State of Maryland, it is not subject to the provisions of the Maryland Workmen's Compensation Act, in so far as said Act relates to outside salesmen, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*