COLE *v.* RANDALL PARK HOLDING CO., ET AL.

[No. 88, October Term, 1952.]

618

*Decided March 13, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Marshall A. Levin*, with whom was *Harry O. Levin* on the brief, for appellant.

*Charles Markell, Jr.*, with whom were *Siskind and Siskind* on the brief, for appellees.

HAMMOND, J., delivered the opinion of the Court.

Was a foreign corporation, made a garnishee in an attachment filed by a Maryland resident, against non-resident defendants, subjected to the jurisdiction of the Maryland Courts as a matter of right, and if not, did its filing a plea of *nulla bona* and answering interrogatories amount to a binding consent to jurisdiction? These are the questions which must be answered in this appeal.

Colonel C. Cole, plaintiff below and the appellant here, filed a non-resident attachment in the Superior Court of Baltimore City against a number of individual defendants, residents of Ohio, and caused the attachment to be laid in the hands of the Randall Park Holding Company, an Ohio corporation. The proceeding was filed on September 26, 1951, service was made on October

next, and the garnishee, on November 2, 1951, filed a plea of *nulla bona* to which a replication was filed. Colonel Cole filed interrogatories in January, 1952 and, several weeks later, the garnishee filed answers to the interrogatories. Additional interrogatories were similarly answered in February, 1952. The individual defendants, appearing especially for the sole purpose of presenting the motion, moved the Court to quash the attachment "Because Randall Park Holding Company is an Ohio corporation which is not qualified to do intrastate, interstate or foreign business in the State of Maryland and is under no duty to so qualify, . . . and there has never been any obligation owing to these defendants by Randall Park Holding Company arising out of business done in the State of Maryland by Randall Park Holding Company,". It was further set forth in the motion that "even if it be assumed for the purpose of this motion that the aforesaid obligations are obligations now owing to these defendants, they are not obligations which these defendants could sue on or enforce against Randall Park Holding Company in the State of Maryland, and since the plaintiff can enforce against the garnishee in this proceeding only such rights as might be prosecuted by the defendants against the garnishee, this Court is without jurisdiction over the garnishee and the attachment should be quashed."

On July 1, 1952 the garnishee filed its motion to quash in which it joined in and adopted the motion to quash by the individual defendants for the reasons set out in their motion. Thereafter, the facts were stipulated for the purpose of determining the motion to quash, as if proven by undisputed testimony in open court. It was stipulated that the garnishee is an Ohio corporation which is not now and never has been qualified to do business of any kind in the State of Maryland, and that it has neither resident agent nor office here. The garnishee has never been indebted to the defendants in any way except under certain mortgages and notes dated May 10, 1950, which were executed by it in connection with

the purchase by the defendants of real estate and appurtenant personal property, all located in the State of Ohio. The notes and mortgages were executed in Ohio. Two of the officers and principal stockholders of the garnishee are residents of Maryland and process was served upon one of them, the president. The garnishee maintains a bank account in Baltimore, opened in 1951 with a deposit of $80,000.00. A substantial portion of this was promptly checked out to a Maryland corporation, two of whose officers are the same persons who are the officers and principal stockholders of the garnishee, residing in Maryland. Only seven checks have been drawn on the Maryland bank account, four of them to the Maryland corporation, one to the Maryland officers, and two to the Cleveland Trust Company. Except for the maintenance of the bank account and the drawing of the checks, the Randall Park Holding Company has at no time conducted any activity of any sort in, or with any residents or corporations of, the State of Maryland. The garnishee owns only the real estate and personal property in Ohio and such cash in bank as it has on hand from time to time. It owns no other property of any kind. The defendants are all non-residents of Maryland and the mortgages and notes executed by the garnishee were assigned by the defendants to the Cleveland Trust Company of Cleveland, Ohio, in July, 1950. It is further revealed by the stipulation that all of the stockholders, officers and directors of the garnishee are Maryland residents, that it has both Baltimore and Cleveland attorneys, and it was agreed at the argument that it also maintained Ohio bank accounts. One of the principal stockholders of the garnishee before its incorporation, conducted in Baltimore the initial negotiations which led up to the attachment. The negotiations resulted in an agreement in principle as to a contract which was executed in Ohio, and contained the right of the stockholder-promoter to assign the contract to an Ohio corporation to be formed. The corporation so formed was the garnishee. The property transferred by the con-

tract and now owned by the garnishee is a race track in Cleveland, Ohio. The race track is operated by another corporation to whom it is leased by the garnishee. The secretary of the garnishee is a Maryland resident who performs services in both Maryland and Ohio, limited to signing checks, preparation of minutes and other corporate work of a secretarial nature.

On the case thus presented by the pleadings and the facts we find:

1. The garnishee was not doing business in Maryland nor had it incurred any liability nor done any act in the State and, therefore, it was not subject to suit in Maryland.

2. Since the real defendants in the attachment proceedings, the Ohio residents, even if creditors of the appellee, could not sue it in Maryland, the appellant could not cause it to be made a garnishee here.

3. The appellee by filing a plea of *nulla bona* and answering interrogatories did not confer jurisdiction on the Court below.

Art. 23, Sec. 88 of the Code (1951 Ed.) provides in sub-paragraph (a): "every foreign corporation doing intrastate or interstate or foreign business in this State shall be subject to suit in this State by a resident of this State or a person who has a usual place of business in this State, (1) on any cause of action arising out of such business, and (2) on any cause of action arising outside of this State." Sub-paragraph (d) provides: "Every foreign corporation shall be subject to suit in this State by a resident of this State or by a person having a usual place of business in this State on any cause of action arising out of a contract made within this State or liability incurred for acts done within this State, whether or not such foreign corporation is doing or has done business in this State."

It is clear, under the test of the cases, that the garnishee is not doing and has not done business in Maryland. The fact that its officers, directors and stockholders are Maryland citizens, does not control. *Riverside & Dan*

*River Cotton Mills v. Menefee,* 237 U. S. 189, 35 S. Ct. 579, 95 L. Ed. 910; *Restatement, Conflict of Laws,* Sec. 89; *Crook v. Girard Iron & Metal Co.,* 87 Md. 138, 39 A. 94; *State to Use of Bickel v. Pennsylvania Steel Co.,* 123 Md. 212, 91 A. 136.

Sec. 84 of Art. 23 of the Code (1951 Ed.) states that a foreign corporation shall not be considered to be doing intrastate business in this State so as to subject it to suit, merely by reason of maintaining a bank account in Maryland or holding meetings of its directors or stockholders, or carrying on other activities concerning its internal affairs. If the bank account and the activities of the secretary are excluded, the only business or activity of the garnishee is the owning and leasing of real estate and personal property in Ohio, and the collection of rent in that State. It does absolutely nothing else of any kind anywhere. This does not give jurisdiction to Maryland. *Restatement, Conflict of Laws,* Sec. 167; *Stewart Fruit Co. v. Chicago M. & St. P. R. R. Co.,* 143 Md. 56, 121 A. 837; *Carter v. Reardon-Smith Line, Ltd.,* 148 Md. 545, 129 A. 839; *Hieston v. National City Bank of Chicago,* 132 Md. 389, 104 A. 281; *Baden v. Washington Loan & Trust Co.,* 133 Md. 602, 105 A. 860; *Lime Co. v. Wolfenden,* 171 Md. 299, 188 A. 794; *Bank v. Meyers & Co.,* 182 Md. 556-564, 35 A. 2d 110; *Johns v. Bay State Abrasive Products Co.,* 89 Fed. Sup. 654 (opinion of Judge Chesnut in the United States District Court for the District of Maryland); 60 A. L. R. 1031; 101 A. L. R. 133; 146 A. L. R. 948.

It is equally plain that sub-paragraph (d) of Sec. 88 of Article 23 of the 1951 Code does not apply to the garnishee. The appellant contends that the defendant, Lombardo, authorized him to find a purchaser for the race track in Ohio and that one DeChario, a Maryland resident, became interested through the appellant's effort's in purchasing the track. Mr. DeChario was instrumental in incorporating the garnishee and is one of its officers and directors. The appellant says that DeChario and Lombardo reached a verbal agreement on

substantial points in Maryland, and, at this time, the defendants incurred a liability to the appellant for commission. However, the stipulation says that DeChario "conducted the initial *negotiations*" and further says that "agreement in principle but not in detail was reached between the representative of defendants and Mr. De-Chario in Baltimore, *although the contract was executed in Cleveland*". (Emphasis supplied) It is apparent from this that neither the garnishee nor its promoters entered into a contract within the State or did any acts in this State resulting in liability under the provisions of sub-paragraph (d) of Sec. 88. *Park Beverage Co. v. Goebel Brewing Co.,* 197 Md. 369, 373, 79 A. 2d 157, 159. Here Judge Marbury said for the Court: "It is quite clear that no final arrangement was made at the time of the meeting in Havre de Grace . . . so there was no contract between the parties at that time. . . Under these circumstances there was no contract whatever made by the appellee within the State of Maryland, and, therefore, the Circuit Court for Harford County had no jurisdiction to entertain a suit against it under the provisions of Sec. 119 (d)". (Now Sec. 88 (d)). See also opinion of Judge Chesnut in the United States District Court for the District of Maryland, handed down on Feb. 12, 1953 in *Harrison v. Robb Manufacturing Co.,* 110 Fed. Supp. 848. (Daily Record Feb. 21, 1953).

The reason a plaintiff may not have garnishment where the defendant can not itself sue the garnishee in that forum undoubtedly is the nature of the remedy. Attachment and garnishment is the exercise of a special and limited statutory power, the requisites of which are jurisdictional. Even when this power is conferred on courts of general jurisdiction, its exercise is special and statutory. *U. S. Express Co. v. Hurlock,* 120 Md. 107, 87 A. 834, and *Coward v. Dillinger,* 56 Md. 59. In essence, attachment and garnishment is an action by the defendant against the garnishee for the use of the plaintiff. For this reason, the rights of the plaintiff can never rise above those of the defendant. If the de-

fendant could not sue the garnishee in the courts of the State in which the attachment is filed, the plaintiff cannot do so. *2 Shinn on Attachment and Garnishment,* Sec. 516, p. 893; *Hodge & McLane, Attachments,* Sec. 148; *Myer v. Liv., London & Globe Ins. Co.,* 40 Md. 595. In the *Myer* case, he, the appellant, sued out an attachment on warrant against residents of Chicago and caused the attachment to be laid in the hands of a corporation of Great Britain, as garnishee. Service was made upon the agent of the insurance company in Baltimore, in an effor to attach funds said to be due from the insurance company to the Chicago defendants. An assignee of the Chicago defendant moved to quash the sheriff's writ, making the insurance company a garnishee. The company itself made the same motion. The lower court ordered the writ to be quashed and this Court affirmed on the ground that the cause of action had not arisen nor was the subject of the action situate in Maryland. See also *Odend'hal v. Devlin,* 48 Md. 439 and *Hodgson v. Southern Bldg. & Loan Assoc.,* 91 Md. 439, 46 A. 971. In *Harris v. Balk,* 198 U. S. 215, 25 S. Ct. 625, 626, 49 L. Ed. 1023, the Supreme Court decided that after an individual garnishee is found in a State and personally served, "The court thereby acquires jurisdiction over him, and can garnish the debt due from him to the debtor of the plaintiff, and condemn it, *provided the garnishee could himself be sued by his creditor in that State.*". In *Langville v. Langville,* 191 Md. 103, 60 A. 2d 206, it was reiterated that a non-resident attachment can only be brought where the garnishee resides or has his place of business. It follows that a corporate garnishee not created under the laws of this State, nor qualified to do business herein, not actually doing business herein, and not having incurred liability nor done any act in the State, does not, in legal contemplation, reside or have a place of business in the State so as to permit it to be made a garnishee.

The appellant argues strongly that even though the garnishee was not subject to suit without its consent, yet

by filing a plea of *nulla bona* and answering interrogatories, it did consent to the jurisdiction of the Maryland Courts. It is elementary that ordinarily a general appearance by a defendant is a manifestation of consent to jurisdiction which will bind the one appearing. *Fairfax Forrest Mining & Mfg. Co. v. Chambers,* 75 Md. 604, 23 A. 1024; *Lanasa v. Beggs,* 159 Md. 311, 151 A. 21; *Wagner v. Scurlock,* 166 Md. 284-294, 170 A. 539.

Nevertheless, a State may determine for itself whether an appearance entered by a defendant is of such a character as to prevent subsequent challenge to the jurisdiction of the court. *Restatement, Conflict of Laws,* Sec. 82. Maryland early chose to follow a rule to which it has steadily adhered that pleading by a garnishee in an attachment does not necessarily nor always amount to a manifestation of consent to jurisdiction, and that a motion to quash on fundamental or jurisdictional grounds can be filed either by the garnishee or by the defendant, after pleas by the garnishee. *Campbell v. Morris,* 3 H. & McH. 535; *Bruce & Fisher v. Cook,* 6 G. & J. 346; *Stone v. Magruder,* 10 G. & J. 383-387; *Boarman v. Israel & Patterson,* 1 Gill 372; *Lambden v. Bowie,* 2 Md. 334; *Spear v. Griffin,* 23 Md. 418-30; *Evesson v. Selby,* 32 Md. 340; *Powhatan Steam Co. v. Potomac Co.,* 36 Md. 238; and the companion case, *Potomac Steamboat Co. v. Clyde,* 51 Md. 174; *Cromwell v. Royal Canadian Ins. Co.,* 49 Md. 366; *Coward v. Dillinger, supra* (56 Md. 59); *Johnson v. Stockham,* 89 Md. 368, 43 A. 943; *U. S. Express Co. v. Hurlock, supra* (120 Md. 107, 87 A. 834); *Indemnity Co. v. Cosgriff,* 144 Md. 660, 125 A. 529; *First National Bank of Federalsburg v. Equitable Life Assurance Society,* 157 Md. 249, 145 A. 779. The holdings are summarized aptly by *Hodge & McLane* on *Attachment in Maryland,* Sec. 94: "A motion to quash is a proceeding in the nature of a petition to the Court, without an appearance to the merits of the case, to dismiss the attachment on the ground that the proceedings are defective. The defects, upon which the motion is based, may be either apparent upon, or *dehors* the proceeding.

\* \* \* A motion to quash an attachment for a substantial defect in the proceedings, goes to the question of jurisdiction and will be entertained at any stage of the trial. Ordinarily the motion should be made by the garnishee before appearance and pleading, because, if successful, it puts an end to the case; but it may be filed at any stage of the cause, although the garnishee has pleaded and issue is joined, and even after he has confessed assets and expressed his willingness to abide by the order of the court." See also *Sec. 95; 2 Poe, Pleading and Practice, Tiffany Ed*. Sec. 539 is to the same effect. See, too, *Downs v. Baltimore City*, 111 Md. 674, 689, 76 A. 861, 41 L. R. A., N. S., 255; and *Bauernschmidt v. Safe Deposit and Trust Co.*, 176 Md. 351, 356, 4 A. 2d 712.

There are sound reasons why the Maryland decisions have reached the results they did. In a non-resident attachment proceeding, the real parties in interest are the plaintiff and the foreign defendant. The garnishee is a mere stakeholder and should do nothing either in aid of or to the detriment of, the real parties to the suit. The garnishee who has been duly summoned is under obligation to give notice to the defendant. If he does not and a judgment is entered against him, he may not be protected against double payment. *Harris v. Balk, supra*. Under the statute the garnishee may plead for the defendant but this Court has held that the plea will not bind the defendant if he appears and pleads for himself. In *Spear v. Griffin, supra*, 23 Md. 418, it was held that a plea of limitations might be filed by the defendant in the short note case in 1861, although in 1859 the garnishee had pled to the merits both for himself and for the defendant, in the attachment case. This right of the defendant to be notified and to defend himself underlies the principle that a garnishee cannot voluntarily waive or accept service of the proceedings required by law to make a seizure of effects or property in his hands. Garnishment is a compulsory novation which the law can alone initiate by the intervention of itself on substantial procedures. "The Court does not

obtain jurisdiction over the debt sought to be seized without sufficient service upon the garnishee, for acceptance of service by the garnishee is not an attachment. The garnishee by appearing and answering cannot waive objections to the jurisdiction.". *2 Shinn* on *Attachment and Garnishment,* Sec. 610, p. 1005-6. In *Beale* on *The Conflict of Laws,* Sec. 90.5, page 393, the learned author says that a foreign corporation doing business in the State may be summoned as a garnishee whether the principal defendant is a resident or non-resident, by service of process such as would give jurisdiction over it if it were the principal defendant. He continues: "but if the corporation which it is attempted to make garnishee is not doing business in the State it cannot be held as such, and service upon it will not bring a non-resident principal defendant within the jurisdiction of the Court even to the extent of the claim attempted to be reached. . . If a corporation is improperly served it cannot be held as garnishee even if it submits to the jurisdiction by a general appearance, since it is not in the power of the debtor to bring within the jurisidction of the court a debt not otherwise within it.". See also *38 C. J. S. Garnishment, Sec. 132*: ". . . assent of the garnishee cannot confer jurisdiction as against the principal defendant". *Pennsylvania R. Co. v. Rogers,* 52 W. Va. 450, 44 S. E. 300, 62 L. R A. 178; *Schaller and Son v. Marker,* 136 Iowa 575, 114 N. W. 43.

If a defendant appears in the short note case, and pleads, the primary purpose of the attachment, that is, to bring the defendant into Court, has been served, and the case proceeds as if the plaintiff had sued the defendant in an ordinary action at law and the defendant had voluntarily appeared. In this situation, the Court has jurisdiction. *Fairfax etc. v. Chambers, supra; Lanasa v. Beggs, supra; Philbin v. Thurn,* 103 Md. 342-351, 63 A. 571. Then, the only function of the attachment is to provide a fund for the payment of the plaintiff's claim if he prevails. Further, the defendant may not elect to actually do battle on the merits even in the name of

the garnishee, and if unsuccessful, attempt, after judgment, to assert jurisdictional rights. *Sugar Products Co. v. Kitzmiller,* 137 Md. 647, 113 A. 345. If the defendant appears seasonably, he may move to quash without being prejudiced by the pleading of the garnishee and without submitting generally to the jurisdiction. *Hodge & McLane,* Sec. 62. The attachment stands or falls as the defendant does or does not prevail. *Randle v. Mellen,* 67 Md. 181-188, 8 A. 573; *Hodge & McLane,* Sec. 50.

Another reason which supports the Maryland holdings is that garnishment proceedings commerce as proceedings *in rem* or *quasi in rem.* Subsequently, they may result in judgments *in personam* against the garnishee or real defendant, or both, in various situations. Nevertheless, since fundamentally they seek to compel the appearance of the defendant by seizure of the *res,* the Court issuing the attachment must have jurisdiction of the *res. Coward v. Dillinger* and *U. S. Express Co. v. Hurlock,* both *supra.* If it is an intangible, such as a debt owed by the garnishee, the debt must either be payable expressly in this State or jurisdiction must be had over the debtor. *Beale, The Conflict of Laws,* Sec. 108.3, p. 463; and *Campbell v. Morris, U. S. Express Co. v. Hurlock,* both *supra.* To maintain the attachment proceeding, there must be jurisdiction over either a person or property. The Court, in *Pennsylvania R. Co. v. Rogers, supra,* [52 W. Va. 450, 44 S. E. 302] said, citing *Waples* on *Attachment,* Sec. 648: "A judgment rendered in any State against a person or property over which the Court has no jurisdiction is not entitled to 'full faith and credit' in other States, but its validity may be questioned on jurisdictional grounds, * * *." The Court continued: "Such action is absolutely null and void for want of jurisdiction". In this case it was expressly held that a garnishee cannot give jurisdiction of a debt due from him by his voluntary appearance. To the same effect, in *Myer v. Liv. London & Globe Ins. Co., supra,* there was an admission that there was money payable by the

garnishee to the plaintiff, and what is more significant, the garnishee had filed a power of attorney with the Comptroller, as required by statute, designating an agent in Maryland on whom legal process could be served. Although this Court had decided in *Boyd v. C. & O. Canal Co.*, 17 Md. 195, that the writ of garnishment is a process, the Court refused to say that the garnishee had consented to the jurisdiction and held the Court had none to make the insurance company a garnishee. In *Cromwell v. Royal Can. Ins. Co.*, *supra* (49 Md. 366), this Court decided that a motion to quash, made by the garnishee, as well as by the defendant, after the garnishee had appeared and confessed assets, could be entertained. The Court, in answering a contention of the appellant, assumed the validity of its premise and refuted it. In its refutation, it relied on grounds no longer tenable, but the case is a flat holding for the basic proposition that appearance by a garnishee does not preclude a subsequent motion to quash and is recognized as such by *Beale* in the work cited.

In *First National Bank of Federalsburg v. Equitable Life Assurance Society, supra,* Judge Sloan, on page 251 of 157 Md., on page 780 of 145 A., noting that the garnishee had filed pleas and confessed assets and that it had been granted leave to withdraw its plea and to appear specially, said: "The garnishee's attorney had already appeared and pleaded, and so far as it is concerned it has waived any defects of service or summons. . . . By filing pleas to the writ it had not waived its right to a motion to quash." Under the uniform holding of this Court, it is our conclusion that the lower court was correct when it entertained and granted the motion to quash filed by the garnishee and the defendants.

*Judgment affirmed, with costs.*