OPINION OF THE COURT
John W. Grow, J.
Defendant moves to enjoin the Utica city constable from proceeding with an execution levied against his bank account pursuant to a judgment obtained by the plaintiff. The origin of this matter is a divorce decree, wherein defendant was required to pay maintenance to plaintiff. Failing to make timely payments resulted in plaintiff obtaining a judgment for maintenance arrears in the sum of $2,500, plus costs, which judgment was duly docketed in the Oneida County Clerk’s office. This was followed by an execution issued upon defendant’s bank account at Bankers Trust Company. Defendant then obtained a show cause order pursuant to CPLR 5238, on the grounds the bank account should be exempt from the levy of the execution because it is not the property of the defendant debtor. His rationale is that this is a fiduciary account wherein he deposits insurance premiums due insurance carriers, which he represents as an independent insurance agent. Section 125 of the Insurance Law dictates by its first sentence, “Every insurance agent and every insurance broker acting as such in this state shall be responsible in a fiduciary capacity for all funds received or collected as *776 insurance agent or insurance broker, and shall not, without the express consent of his or its principal, mingle any such funds with his or its own funds or with funds held by him or it in any other capacity.”
Plaintiff wife (the judgment creditor) argues defendant is entitled to commissions, per his agreement with the respective carriers, from the premiums received and deposited to this account. Such commissions are not held in any fiduciary capacity and thus are subject to levy to satisfy the judgment.
The burden of proof is upon the judgment debtor to establish that the account is exempt from levy. (Tuckman v Hayward, 26 Misc 2d 45.) At a hearing held by the court, the debtor was the sole witness. His uncontroverted testimony was that he is entitled to commissions on premiums paid; that the commissions vary as between carriers, but that an average is 15%. At the end of each month he withdraws that percentage from the account balance, assuming there is such an account balance after the carriers have been paid. Frequently there is an insufficient balance because the debtor has expended some or all of the commissions due him as an advance to pay premiums due for which the debtor has not yet received payment from his customers. Defendant submits he may retain commissions in this account for this purpose and that such retentions are fiduciary in nature and thus exempt from levy. Unfortunately for the debtor, such advances create a relationship of an unsecured debtor and creditor (Matter of Diesel Motors Co. [Kaye], 74 Misc 2d 302, 304), and certainly do not create any fiduciary relationship. Since defendant testified that an average of 15% of the account balance constitutes his earned commissions, this court holds plaintiff is entitled to receive 15% of the account balance as of the date of levy, namely, May 12, 1983. Any amounts levied in excess are directed to be returned to the account. Defendant’s request for an order directing plaintiff and her attorney not to file any further property executions against said account is denied.